Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000021
27-MAR-2018
11:06 AM

NO. CAAP-16-0000021

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF JE

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-J NO. 0103122)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge and Ginoza, J.,
with Leonard, J., concurring and dissenting)

Minor-Appellant JE (JE) appeals from the December 14, 2015 Family Court of the Fifth Circuit's[1] (Family Court) Decision and Order Regarding Restitution Hearing (Order).  Pursuant to a plea agreement, JE admitted the charge of Harassment in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (2014),[2] reduced from a charge of Assault in the Second Degree in violation of HRS § 707-711(1)(d)(2014) (amended 2016)[3].  JE was sentenced to probation for eighteen months, and ordered to, *inter*

---

[1]     The Honorable Edmund D. Acoba presided.

[2]     HRS § 711-1106 provides, in relevant part, "(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person: (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]"

[3]     HRS § 707-711(1)(d) provides, in relevant parts, "(1) A person commits the offense of assault in the second degree if . . . (d) The person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]"

*alia*, complete sixty hours of community service, and pay $24,978.90 in restitution at a rate of $200.00 per month.[4]

On appeal, JE contends the Family Court abused its discretion in ordering him to pay restitution to the complaining witness. After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issue raised and the arguments advanced by the parties, we vacate the Family Court's Order on different grounds.

JE was sentenced pursuant to HRS § 571-48(11) (2006) which provides: "The court may order any person adjudicated pursuant to section 571-11(1) to make restitution of money or services to any victim who suffers loss as a result of the child's action, <u>or</u> to render community service[.]" (Emphasis added). The plain language of the statute authorizes the Family Court to impose either alternative. <u>State v. Wells</u>, 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) ("[The appellate court's] foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And where the language of the statute is plain and unambiguous, [a court's] only duty is to give effect to [the statute's] plain and obvious meaning.") (citation, internal quotation marks, and brackets omitted); <u>see also</u> <u>State v. Demello</u>, 136 Hawai'i 193, 213, 361 P.3d 420, 440 (2015) (under the rule of lenity a penal statute must be strictly construed against the government and in favor of the accused). The rule of lenity will also be applied to statutes dealing with juveniles, because it potentially involves the same deprivation of liberty similar to adult criminal statutes. 3 Norman J. Singer & J.D. Shambie Singer, <u>Sutherland Statutes & Statutory Construction</u> § 59:1, at 154-55 (7th ed. 2008). As quoted above, HRS § 571-48(11) authorized the Family Court to impose restitution <u>or</u> community service, but not both.

In its "Decree Re: Law Violation Petition(s)," the Family Court imposed, amongst others, the following special term of probation: "1. The minor shall complete 60 hour(s) of

---

[4] Alternatively, JE's mother (Mother) was ordered to pay the restitution.

2

community service via the Community Service Sentencing Program by January 10, 2016 and comply with the conditions of the program." In its December 14, 2015 Decision and Order Regarding Restitution Hearing, the Family Court subsequently ordered JE to pay restitution as well.

The record reflects that JE completed his conditions of probation, including community service. However, because the order of restitution was stayed pending this appeal, JE has not yet paid the ordered restitution. As HRS § 571-48(11) authorizes the Family Court to exercise its discretion in deciding whether to impose restitution or community service in a given case, and because JE has already completed the ordered community service, we cannot allow the restitution order to stand.

For the foregoing reasons, we vacate the December 14, 2015 Family Court of the Fifth Circuit's Decision and Order Regarding Restitution Hearing as to JE.

DATED: Honolulu, Hawai'i, March 27, 2018.

On the briefs:

Lisa R. Arin,
for Minor-Appellant.

Presiding Judge

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai
for Petitioner-Appellee.

Associate Judge

3